NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIE MATHEWS, | No. 18-35376 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-03196-FVS |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Argued and Submitted July 8, 2019
Seattle, Washington

Before: WATFORD and MILLER, Circuit Judges, and BENITEZ,** District Judge.

Marie Mathews appeals from the district court's judgment affirming the

decision of the administrative law judge (ALJ) denying Mathews' application for

Social Security disability benefits. Because the ALJ did not provide clear and

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

convincing reasons to discredit Mathews' testimony or adequate reasons to discount Dr. Waber's December 2013 and January 2015 medical reports, we reverse and remand for an award of benefits.

**1.** The ALJ did not provide "specific, clear and convincing reasons" to discredit Mathews' testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). The Commissioner wisely does not attempt to defend several of the reasons offered by the ALJ, which are plainly not supported by the record. The ALJ's remaining reasons are not adequately supported by the record either. First, the ALJ found that Mathews' complaints of pain exceeded what one would expect given the objective medical evidence. But the medical records show that Mathews' chronic edema, extensive osteoarthritis, and shortened left leg have in fact caused her severe ankle, knee, leg, and back pain, which has worsened over time. Accordingly, Dr. Waber repeatedly increased Mathews' prescribed pain medication after her amended onset date, an objective fact reflected in the medical record that bolsters Mathews' testimony that her pain increased over time.

Second, the ALJ stated that Mathews' "impairments were present at approximately the same level of severity prior to the amended onset date," but that they did not prevent Mathews from working then. However, even if Mathews' physical impairments were the same before and after her amended onset date, the record supports Mathews' testimony that the pain caused by those impairments

increased over time. Thus, Mathews' ability to work before her amended onset date is not a clear and convincing reason to discredit her testimony.

Third, the ALJ asserted that Mathews' failure to receive additional treatment for her pain meant that Mathews' pain was less severe than she claimed. Mathews explained that she could not afford more treatment because she lacked medical insurance. Mathews had previously applied for state-sponsored medical insurance but was denied because her husband had too many assets. The ALJ asserted that Mathews' failure to reapply for state-sponsored medical insurance after the Affordable Care Act was enacted belied her explanation. But as Mathews points out, the ALJ appears to have relied on the unsupported assumption that Mathews would be eligible for federal insurance assistance. Therefore, Mathews' failure to reapply for state-sponsored medical insurance "even when it became more available for those with financial difficulties" is not a clear and convincing reason to discredit her pain testimony.

Fourth, the ALJ noted that Mathews told Dr. Waber in November 2013 that any job she could perform "would have to be something where she did not have to be on her feet all the time" and would have to allow her to lie down. The ALJ found this statement consistent with the ability to perform sedentary work. But Mathews' statement to Dr. Waber is not in conflict with Dr. Waber's ultimate assessment of Mathews' limitations—that she must lie down multiple times per

day for up to an hour at a time with her legs elevated, and that she would miss four or more days of work per month.

Fifth, the ALJ erred in concluding that Mathews' daily living activities are inconsistent with Mathews' stated need to lie down periodically during the day to relieve her leg, foot, and back pain. None of the activities the ALJ mentioned— *e.g.*, doing laundry and washing dishes while seated, driving up to eight miles, walking for more than thirty minutes while grocery shopping, and occasionally taking care of her grandchildren—conflicts with Mathews' stated need to lie down and elevate her leg throughout the day.

**2.** The parties dispute whether the ALJ needed to provide "clear and convincing" or "specific and legitimate" reasons to discount Dr. Waber's December 2013 and January 2015 reports. We need not resolve this dispute because the ALJ's reasons are inadequate under either standard. Because the ALJ erred in finding Mathews' testimony not credible, the ALJ similarly erred in discounting Dr. Waber's medical reports based on Mathews' pain testimony.

The ALJ stated that Dr. Waber's December 2013 and January 2015 reports were internally inconsistent because Dr. Waber "checked the box for 'unable to stand and/or walk' but then hand-wrote that the claimant was 'unable to stand or walk for long distances or prolonged time.'" Dr. Waber's December 2013 and January 2015 reports are preprinted forms that Dr. Waber filled out, which state his

opinion that Mathews cannot perform even sedentary work. The reports provide five check boxes that correspond to a claimant's ability to perform work. The first four options indicate that a claimant can perform heavy, medium, light, or sedentary work, respectively, none of which Mathews can perform. The only remaining check box is labeled: "Severely limited: Unable to lift at least 2 pounds or unable to stand and/or walk." Dr. Waber checked this box because it is the only one consistent with his opinion that Mathews cannot perform even sedentary work. He then clarified in his hand-written notes that Mathews is able to stand and walk, just not for prolonged periods of time. There is nothing internally inconsistent within the reports.

The ALJ stated that the limitations in the December 2013 and January 2015 medical reports were more restrictive than those identified in Dr. Waber's earlier medical opinions, despite no objective evidence of worsening. The record does not support the ALJ's conclusion. Dr. Waber's notes indicate that Mathews' pain had in fact increased over time. Dr. Waber has been Mathews' treating physician for over a decade, and nothing contradicts his assessment of Mathews' level of pain.

**3.** When fully credited, Dr. Waber's December 2013 and January 2015 medical reports—which conclude that Mathews must lie down multiple times per day for up to an hour at a time with her legs elevated, and that she would miss four or more days of work per month—compel a finding that Mathews is disabled. *See*

*Garrison v. Colvin*, 759 F.3d 995, 1022 (9th Cir. 2014). Therefore, we reverse the district court's judgment and remand for an award of benefits. *See id.* at 1020.

**REVERSED and REMANDED.**